UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WASHINGTON STATE MILITARY
DEPARTMENT,

                    Plaintiff,

        v.

JOHN WORTHINGTON,

                    Defendant.

CASE NO. C11-5143BHS

ORDER

This matter comes before the Court on Plaintiff Washington State Military

Department's ("WMD") Motion for Summary Judgment (Dkt. 9), Defendant John

Worthingon's ("Worthington") Motion for Summary Judgment (Dkt. 16), and

Worthington's Motion to Dismiss (Dkt. 19). The Court has reviewed the briefs filed in

support of and in opposition to the motions and the remainder of the file and hereby

grants the motion to dismiss and strikes the other motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 18, 2011, the WMD filed a complaint against Worthington seeking "a

declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of determining a

federal legal question in actual controversy between the parties."  Dkt. 1, ¶ 4.1.  The

WMD alleges that it is entitled to a final declaratory judgment as follows:

> 1. When the Washington National Guard (WNG) is acting under 32
> U.S.C. § 112, the Freedom of Information Act (5 U.S.C. § 552 (FOIA))
> applies to the WNG.

2. Under the Supremacy Clause of the United States Constitution, the FOIA preempts the application of the Washington State Public Records Act, RCW 42.56 (PRA), to records the WNG obtains, possesses, or creates when it acts under 32 U.S.C. § 112.

3. The Washington Military Department did not act arbitrarily or capriciously when it refused to produce the records John Worthington requested under the PRA because the disclosure of those records is governed by federal law, but informed Mr. Worthington that such records may be requested under the FOIA.

*Id*. ¶ 4.2.

On May 3, 2011, Worthington answered the complaint and asserted that the Court lacked jurisdiction because

this case is not ripe or otherwise justiciable because the records at issue are the subject of a pending [*United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)] request to the National Guard Bureau ("NGB") and the NGB has not yet responded to that *Touhy* request.

Dkt. 8, ¶ 4.3.

On May 5, 2011, the WMD filed a motion for summary judgment. Dkt. 9. On May 23, 2011, Worthington responded, and filed a motion for summary judgment (Dkt. 16), and a motion to dismiss (Dkt. 19). On June 13, 2011, the WMD responded to both of Worthington's motions. Dkts. 20 & 21. On June 17, 2011, Worthington replied to both motions. Dkts. 23 & 25.

## II. FACTUAL BACKGROUND

The relevant facts are fairly simple. Worthington requested documents from the WMD regarding activities of the WNG. WMD refused to produce the documents because WMD concluded that the documents were federal records that may be obtained pursuant to the FOIA. Worthington has requested that the NGB produce the documents and that request is still pending before the NGB.

ORDER - 2

# III.  DISCUSSION

Ripeness is a justicability doctrine that determines when judicial review is appropriate.  The Supreme Court has held that the "basic rationale" of the ripeness doctrine

> is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99, 105 (1977).  Ripeness stems "both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Social Svcs., Inc.*, 509 U.S. 43, 57 n. 18 (1993). Determining whether administrative action is ripe for judicial review requires the Court "to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hospitality Ass'n v. Dep't. of Interior*, 538 U.S. 803, 808 (2003) (citing *Abbott Labs.*, 387 U.S. at 149).

In this case, Worthington argues that the preemption issue presented by the WMD is not ripe for judicial review.  It is undisputed that Worthington has made a formal *Touhy* request for the WNG records at issue and that, as of today's date, the request is pending with the NGB.  Based on these facts, Worthington argues that the issue of whether the FOIA preempts the PRA is purely academic and that there is no hardship to the parties in withholding consideration of the preemption issue. Dkt. 19 at 15-16.  The Court agrees.

First, the preemption issue is not fit for judicial review at this time.  The WMD highlights this fact by arguing that "complete relief" from the Court would result in what the parties "will know" with regard to the application of the FOIA and/or the PRA.  Dkt. 20 at 2:10-19.  The knowledge question is purely an abstract disagreement.  Moreover, the NGB's decision has not been formalized and the Court will not interfere with the

agency's decision so that the parties may be informed as to whether the FOIA preempts the PRA.

Second, the Court is not persuaded that, at this time, either party will suffer hardship if the Court withholds consideration of the preemption issue.

Therefore, the Court grants Worthington's motion to dismiss this action because the Court does not have jurisdiction to consider an issue that is not ripe for review. The Court will not reach either party's motion for summary judgment and the motions are hereby stricken.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the WMD's Motion for Summary Judgment (Dkt. 9) is **STRICKEN**, Worthington's Motion for Summary Judgment (Dkt. 16) is **STRICKEN**, Worthington's Motion to Dismiss (Dkt. 19) is **GRANTED** and this action is **DISMISSED without prejudice**.

DATED this 29th day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge