UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WASHINGTON STATE MILITARY
DEPARTMENT,

            Plaintiff,

  v.

JOHN WORTHINGTON,

            Defendant.

CASE NO. C11-5143BHS

ORDER DENYING
PLAINTIFF'S MOTION FOR
RELIEF FROM JUDGMENT

    This matter comes before the Court on Plaintiff Washington State Military Department's ("WMD") Motion for Relief From Judgment (Dkt. 30). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On February 18, 2011, the WMD filed a complaint against Defendant John Worthington ("Worthington") seeking "a declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of determining a federal legal question in actual controversy between the parties." Dkt. 1, ¶ 4.1. The WMD alleges that it is entitled to a final declaratory judgment as follows:

> 1. When the Washington National Guard (WNG) is acting under 32 U.S.C. § 112, the Freedom of Information Act (5 U.S.C. § 552 (FOIA)) applies to the WNG.
> 2. Under the Supremacy Clause of the United States Constitution, the FOIA preempts the application of the Washington State Public Records Act, RCW 42.56 (PRA), to records the WNG obtains, possesses, or creates when it acts under 32 U.S.C. § 112.
> 3. The Washington Military Department did not act arbitrarily or capriciously when it refused to produce the records John Worthington requested under the PRA because the disclosure of those records is

ORDER - 1

      governed by federal law, but informed Mr. Worthington that such records may be requested under the FOIA.

*Id*. ¶ 4.2.

      On May 3, 2011, Worthington answered the complaint and asserted that the Court lacked jurisdiction because

      this case is not ripe or otherwise justiciable because the records at issue are the subject of a pending [*United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)] request to the National Guard Bureau ("NGB") and the NGB has not yet responded to that *Touhy* request.

Dkt. 8, ¶ 4.3.

      On May 23, 2011, Worthington filed a motion to dismiss arguing in part that the issues were not ripe for review. Dkt. 19 at 15-16. On June 29, 2011, the Court granted Worthington's motion on the ripeness issue (Dkt. 28) and entered judgment (Dkt. 29).

      On July 6, 2011, the NGB responded to Worthington's *Touhy* request. Dkt. 30 at 7-9. In its letter, the NGB concluded that it was unable to issue a decision on Worthington's request because Worthington had failed to provide sufficient information to process the request. *Id*. at 9. The NGB advised Worthington to resubmit his request. *Id*. On July 25, 2011, Worthington responded and requested a final agency action on his *Touhy* request. *Id*. at 60-62.

      On July 28, 2011, WMD filed a Motion for Relief From Judgment arguing that the issues presented in the complaint are now ripe for review. Dkt. 30. On August 8, 2011, Worthington responded. Dkt. 35. On July 12, 2011, WMD replied. Dkt. 38.

## II. FACTUAL BACKGROUND

      The relevant facts are fairly simple. Worthington requested documents from the WMD regarding activities of the WNG. WMD refused to produce the documents because WMD concluded that the documents were federal records that may be obtained pursuant to the FOIA. Worthington has requested that the NGB produce the documents and, at the time the Court entered judgment, that request was pending before the NGB.

ORDER - 2

Subsequent to the Court's entry of judgment, the NGB informed Worthington that it was unable to render a decision on his request and advised Worthington to resubmit his request with additional information. Worthington responded and requested a final agency action that will be subject to judicial review.

### III.  DISCUSSION

On motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding based on newly discovered evidence or other reasons that justify relief.  Fed. R. Civ. P. 60(b)(2) & (6).

In the order granting summary judgment, the Court concluded that the issues before the Court were not ripe because the issues were not fit for judicial review and neither party would suffer prejudice if the Court withheld consideration of the issues. Dkt. 28 at 3-4.  Specifically, the Court stated that "the NGB's decision has not been formalized and the Court will not interfere with the agency's decision so that the parties may be informed as to whether the FOIA preempts the PRA."  *Id*.  Nothing has occurred that would affect this position.  Although the NGB and Worthington have exchanged letters, the NGB has not rendered a decision on Worthington's request.  Therefore, the Court denies the WMD's motion because the WMD has failed to show either newly discovered evidence or another reason that justifies relief from the judgment of this Court.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that the WMD's Motion for Relief From Judgment (Dkt. 30) is **DENIED**.

DATED this 9th day of September, 2011.

BENJAMIN H. SETTLE
United States District Judge